UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLORIA WELCH,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  2:13-CV-00405-RDP |
| } | |
| **WAL MART, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff's Motion for Leave to File Amended Pleading (Doc. #13), filed on November 13, 2013. The Motion (Doc. #13), construed by the court not only as a motion to amend, but also as a motion to remand, has been briefed in opposition (Docs. #15 & #17). For the reasons outlined below, both parts of the Motion (Doc. #13) are due to be granted.

I.  **Procedural History**

Plaintiff Gloria Welch ("Plaintiff") initiated this lawsuit by filing a complaint in the Circuit Court of Jefferson County, Alabama on January 8, 2013. (Doc. #1, Ex. 1). Defendant Wal Mart, Inc. ("Defendant Wal Mart") removed the case to the United States District Court for the Northern District of Alabama by filing a Notice of Removal (Doc. #1) on February 27, 2013, and, the following day, Defendant City of Fairfield ("Defendant Fairfield") consented to removal (Doc. #4). Counts V-VII of Plaintiff's Complaint (Doc. 1, Ex. 1 at 13-15), all of which asserted claims under 42 U.S.C. § 1983, served as the basis of Defendants' removal. That is, the assertion of those federal claims vested this court with original subject matter jurisdiction under 28 U.S.C. § 1331.

On November 13, 2013, Plaintiff filed a Motion for Leave to File Amended Pleading (Doc. #13), which seeks permission to file an Amended Complaint (Doc. #13, Ex. 1) devoid of her previously-pleaded section 1983 claims. In light of her request to dismiss her federal claims, Plaintiff also asks the court to remand the case to state court. Both Defendant Wal Mart and Defendant Fairfield filed briefs in opposition (Docs. #15 & #17), in which they characterize Plaintiff's proposed amendment as an attempt to "forum shop." (Doc. #15 at ¶ 14; Doc. #17 at ¶ 6). On November 26, 2013, the court held a telephone conference to discuss Plaintiff's Motion (Doc. #13), after which the court took the Motion under advisement.

## II.     Motion to Amend

The amendment of pleadings (such as Plaintiff's Complaint) is governed by Rule 15 of the Federal Rules of Civil Procedure. The rule provides that a party may amend its pleading as a matter of course if it does so within twenty-one days of serving it or within twenty-one days after being served with a response to the pleading. Fed.R.Civ.P. 15(a)(1). If, as in this case, a party fails to amend within the twenty-one day period, the party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Courts are directed to "freely give leave when justice so requires." *Id*.

Despite Defendants' assertions to the contrary, Plaintiff maintains that her request for leave to amend her pleading is made in good faith, a product of new factual investigation and discovery, as opposed to manipulative "strategy." (Doc. #13 at ¶ 3—"Based on facts discovered through fact discovery and depositions, it is Plaintiff belief that this amended complaint conforms to evidence now available and is better suited to be heard in State Court."). Although Plaintiff clearly hopes to achieve remand through the amendment of her pleading, Defendants' fears of forum shopping, at least at the federal level, should be assuaged not only by Plaintiff's

representations during the November 26, 2013 telephone conference that she would be willing to voluntarily dismiss all of her section 1983 claims *with* prejudice, but also by the local practice of this court that dictates that remanded cases are returned to the remanding judge if removed once again. These assurances, plus Rule 15's admonition to "freely give leave when justice so requires," convince the court that Plaintiff should be granted to leave to amend her pleading.

**III.     Motion to Remand**

With Plaintiff having been granted leave to amend her complaint by removing all section 1983 claims, the court is faced with the prospect of a suit that now solely involves state law claims between non-diverse parties. (See Doc. #13, Ex. 1). Upon removal, this court had supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1367, and, indeed, the court has the power to continue to preside over those claims, even in the absence of federal claims. *See* 28 U.S.C. § 1367(c) (noting that "district courts may decline to exercise supplemental jurisdiction" when only state law claims remain, the inverse of which is that district courts may continue to exercise supplemental jurisdiction when only state law claims remain). However, despite such discretionary authority, the Eleventh Circuit strongly encourages district courts to decline jurisdiction of suits exclusively rooted in state law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). Seeing no compelling reason to contravene a common sense application of section 1367(c) or a long-standing policy of the Eleventh Circuit, the court declines to exercise supplemental jurisdiction over this suit's remaining claims and concludes that the case should be remanded to state court.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motion (Doc. #13) is **GRANTED** as to all parts. **On or before December 10, 2014**, Plaintiff is **DIRECTED** to file her Amended Complaint (Doc. #13, Ex. 1) with the Clerk of Court.  Upon the filing of Plaintiff's Amended Complaint, the court will direct the Clerk of Court in a separate order to remand this case to the Circuit Court of Jefferson County, Bessemer Division, Alabama.

**DONE** and **ORDERED** on December 5, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE